O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTHA R. ESPINOZA,               )   Case No. EDCV 12-00544-OP
                                  )
                    Plaintiff,    )
                                  )
        v.                        )   MEMORANDUM OPINION AND
                                  )   ORDER
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security,                         )
                                  )
                    Defendant.    )
_____  )

    The Court[1] now rules as follows with respect to the disputed issue listed
in the Joint Stipulation ("JS").[2]

_____

    [1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed
before the United States Magistrate Judge in the current action.  (ECF Nos. 8,
10.)

    [2] As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record ("AR") and the Joint Stipulation filed by the parties.
In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the
Court has determined which party is entitled to judgment under the standards
set forth in 42 U.S.C. § 405(g).  (ECF No. 7 at 3.)

1

# I.

## DISPUTED ISSUE

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the administrative law judge ("ALJ") properly determined that Plaintiff could perform alternative work.  (JS at 5.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.

## DISCUSSION

### A.    The ALJ's Findings.

The ALJ found that Plaintiff has the severe impairments of cervical and lumbar spine degenerative disc disease; depression; and anxiety.  (AR at 53.) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to

2

perform less than the full range of medium work, and specifically can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently; can sit six hours in an eight-hour workday; can stand and walk six hours in an eight-hour workday; is limited to frequent overhead reaching with left upper extremity with no restriction on the right upper extremity; is limited to occasionally climbing ladders, ropes, and scaffolds; due to a low tolerance for stress, is precluded from work with fast-paced production requirements and assembly line work; is limited to work involving no more than casual or non-intense contact with co-workers and the general public; is limited to simple, routine, repetitive tasks; and must avoid concentrated exposure to pulmonary irritants such as gases, dusts, fumes, and odors.  (Id. at 55.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined that an individual with Plaintiff's age, education, work experience, and RFC, would be able to perform the requirements of such occupations as laundry worker (Dictionary of Occupational Titles ("DOT") 361.687-018), linen room attendant (706.687-010), and food service worker (DOT No. 319.677-014).  (AR at 63.)  Thus, the ALJ determined that Plaintiff has not been under a disability, as defined by the Social Security Act.  (Id.)

**B.    The ALJ Failed to Properly Consider the Vocational Evidence.**

Plaintiff contends that the ALJ's determination that she could perform alternative occupations at Step Five of the sequential evaluation process was not supported by substantial evidence because her assessed RFC does not allow for the performance of the identified occupations.  (JS at 6.)

Specifically, Plaintiff contends that the RFC finding that she is limited to simple, routine, repetitive tasks, is inconsistent with the identified occupations of linen room attendant and food service worker, which require level 3 reasoning skills.  (Id. at 7-8.)  She also contends that the RFC finding that she is precluded from fast-paced production work and assembly line work,

1  precludes the occupation of laundry worker as described in the DOT.  (Id. at 9.)

2  **1.    Reasoning Level 3 and the Occupations of Linen Room**
3  **Attendant and Food Service Worker.**

4      The Commissioner has the burden at step five to establish that the

5  claimant is capable of performing jobs in the economy.  20 C.F.R. §§

6  404.1520(f)(g), 404.1560(c); see also Johnson v. Shalala, 60 F.3d 1428, 1432

7  (9th Cir. 1995).  This burden can be met through the use of a VE.  See 20

8  C.F.R. § 404.1566(e); see also Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir.

9  1999).  It can also be satisfied by taking notice of reliable job information

10  contained in various publications, including the DOT.  20 C.F.R. §

11  404.1566(d).  The DOT is a presumptively authoritative source on the

12  characteristics of jobs.  See Pinto v. Massanari, 249 F.3d 840, 845-46 (9th Cir.

13  2001).  Nevertheless, the DOT is not the sole source for this information and

14  the Commissioner may rely on the testimony of a VE for information about

15  jobs.  Johnson, 60 F.3d at 1435.

16      Where the VE's testimony differs from the DOT, however, he or she

17  must provide a persuasive rationale supported by the evidence to justify the

18  departure.  See Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

19  The ALJ has an affirmative responsibility to ask whether a conflict exists

20  between the testimony of a VE and the DOT.  Soc. Sec. Ruling 00-4p, 2000

21  WL 1898704, at *4; Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007).

22  If there is a conflict between the DOT and testimony from the VE, an ALJ may

23  accept testimony from a VE that contradicts the DOT, but "the record must

24  contain 'persuasive evidence to support the deviation.'"  Pinto, 249 F.3d at 846

25  (quoting Johnson, 60 F.3d at 1435).  The ALJ must resolve any conflict by

26  determining whether the VE's explanation is reasonable and provides sufficient

27  support to justify deviating from the DOT.  Soc. Sec. Ruling 00-4p, 2000 WL

28  1898704, at *4; Massachi, 486 F.3d at 1153.  An ALJ's failure to do so can be

harmless error when there is no conflict or when the VE provides a basis for relying on her testimony rather than on the DOT.  <u>Massachi</u>, 486 F.3d at 1154 n.19.

In this case, the two positions of linen room attendant and food service worker suggested by the VE have reasoning levels of 3.[3]  A job's reasoning level "gauges the minimal ability a worker needs to complete the job's tasks themselves."  <u>Meissl v. Barnhart</u>, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005). Reasoning development is one of three divisions comprising the General Educational Development ("GED") Scale.[4]  DOT app. C.  The DOT indicates that there are six levels of reasoning development.  <u>Id.</u>  Level 3 provides that the claimant will be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  <u>Id.</u> No. 237.367-014.

The Court recognizes that there is a split among the circuit courts on whether a limitation to simple, repetitive or routine tasks is compatible with the performance of jobs with a Level 3 reasoning as defined in the DOT.  <u>Adams v. Astrue</u>, No. C 10-2008 DMR, 2011 WL 1833015, at *4 n.3 (N.D. Cal. May 13, 2011) (<u>comparing</u> <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1176 (10th Cir. 2005) (a surveillance systems monitor job with a DOT reasoning level of 3 was not suitable for a claimant whose RFC limited her to "simple and routine work

---

[3]  Plaintiff does not contest the RFC finding itself.

[4]  The GED scale "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective.  Ordinarily, such education is obtained in elementary school, high school, or college.  However, it may be obtained from experience and self-study."  DOT app. C.

5

1   tasks") <u>with</u> <u>Terry v. Astrue</u>, 580 F.3d 471, 478 (7th Cir. 2009) (a claimant

2   limited to "simple" work could perform the job of surveillance-system monitor,

3   which had a reasoning level of 3) and <u>Renfrow v. Astrue</u>, 496 F.3d 918, 920-21

4   (8th Cir. 2007) (a claimant with an inability to do "complex technical work"

5   was not precluded from jobs with a reasoning level of 3)).   Although the Ninth

6   Circuit has yet to address this question directly, the weight of authority in this

7   Circuit holds that a limitation to simple, repetitive or routine tasks is

8   incompatible with a reasoning level of 3.[5]  <u>Id.</u> n.4 (citations omitted).  This

9

10  _____

11      [5]  As noted in <u>Torrez v. Astrue</u>, No. 1:09-cv-00626-JLT, 2010 WL
    2555847 (E.D. Cal. June 21, 2010):

12          Several district court cases in this circuit question whether a
13          claimant limited to simple, repetitive tasks, is capable of performing
            jobs requiring level three reasoning under the DOT.  In <u>McGensy</u>
14          <u>v. Astrue</u>, 2010 U.S. Dist. LEXIS 46160, 2010 WL 1875810 (C.D.
15          Cal. May 11, 2010), the Court noted that while case law has held
            that "a limitation to 'simple, repetitive tasks' is consistent with level
16          two reasoning," this restriction is "inconsistent" with the
17          requirements for level three reasoning, in particular the job of mail
            clerk. 2010 U.S. Dist LEXIS 46160, [WL] at *3 (citing <u>Pak v.</u>
18          <u>Astrue</u>, 2009 U.S. Dist. LEXIS 60928, 2009 WL 2151361 at *7
19          (C.D. Cal. July 14, 2009) ("The Court finds that the DOT's
            Reasoning Level three requirement conflicts with the ALJ's
20          prescribed limitation that Plaintiff could perform only simple,
21          repetitive work"); <u>Tudino v. Barnhart</u>, 2008 U.S. Dist. LEXIS
22          68499, 2008 WL 4161443 at *11 (S.D. Cal. Sept.5, 2008)
            ("[l]evel-two reasoning appears to be the breaking point for those
23          individuals limited to performing only simple repetitive tasks";
24          remand to ALJ to "address the conflict between Plaintiff's
25          limitation to 'simple, repetitive tasks' and the level-three
            reasoning"); <u>Squier v. Astrue</u>, 2008 U.S. Dist. LEXIS 85341, 2008
26          WL 2537129 at *5 (C.D. Cal. June 24, 2008) (reasoning level three
27          is "inconsistent with a limitation to simple repetitive work")).  In

28                                                                (continued...)

6

1    Court finds, therefore, that there is an apparent conflict between Plaintiff's

2    RFC and the occupations of linen room attendant and food service worker

3    suggested by the VE.

4        Additionally, the ALJ failed to confirm that the VE's testimony was

5    consistent with the DOT.  Cf. Signavong v. Astrue, No. EDCV 10-917 MAN,

6    2011 WL 5075609, at *8 (C.D. Cal. Oct. 25, 2011) (affirming the ALJ's

7    decision and noting that the ALJ twice confirmed that the VE's testimony was

8    consistent with the DOT and the VE specifically testified that plaintiff's

9    limitation to simple tasks did not preclude his performance of the industrial or

10   construction site security guard job with a reasoning level of 3, in part because

11   the ALJ had *not* restricted plaintiff to repetitive work and the job requirements

12   did not involve writing reports).  Although in Plaintiff's case the ALJ states in

13   her decision that "the vocational expert's testimony is consistent with the

14   information contained in the [DOT]," the ALJ did not confirm on the record

15   with the VE that the testimony indeed was consistent.  See Funches v. Astrue,

16   No. 1:10cv0819 DLB, 2011 WL 3235766 (E.D. Cal. July 28, 2011) (while the

17   ALJ stated in the decision that the testimony of the VE was consistent with the

18   DOT and concluded that the plaintiff could perform the other work, the court

19   found that there was "no indication in either the testimony or the

20   interrogatories . . . that the ALJ asked the VE whether a conflict existed.").

21       As discussed above, the VE's testimony created an apparent conflict

22

23   _____

24   [5](...continued)
     addition, in Bagshaw v. Astrue, 2010 U.S. Dist. LEXIS 8976, 2010

25   WL 256544 at *5 (C.D. Cal. January 20, 2010), the court expressly

26   cited Hackett [v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) ]
     in concluding that a mail clerk job, which requires level three

27   reasoning under the DOT, was "inconsistent with [plaintiff's]

28   intellectual functional capacity limitation to simple, routine work."

7

between Plaintiff's RFC and the job descriptions of linen room attendant and food service worker.  Because the ALJ failed to ask the VE whether her testimony conflicted with the information in the DOT, the VE did not address the seeming conflict created by her identification of jobs that the DOT describes as reasoning Level 3 and Plaintiff's RFC to simple, routine, repetitive tasks.  Nor does the ALJ's decision include any explanation for why she concluded that Plaintiff could perform such jobs.

**2.    Fast-Paced Production Work and Assembly Line Work.**

Plaintiff also contends that the occupation of laundry worker is precluded by her RFC limitation from fast-paced production and assembly line work because the DOT description for the laundry worker position would require that ability.  (JS at 9.)  She bases this in part on the following colloquy that occurred between the ALJ and the VE when the ALJ was asked by the VE to provide further definition of the limitation and preclusion from work with fast-paced production requirements and assembly line work:

> [VE]:  A  I don't believe so because of the fast paced factor.  Could you read that factor again to me please? No fast paced – how that's –
>
> [ALJ] Q  It's fast pace or production rate, or assembly line work, and that's with conveyor belt.

(AR at 39.)  Plaintiff notes that the requirements of the laundry worker occupation include placing bundles onto conveyor belts for distribution, or removing bundles from a conveyor belt and distributing to workers.  (JS at 9-10 (citing DOT No. 361.687-018).)  Based on the ALJ's limitation to no conveyor belts, therefore, the position of laundry work would be precluded by the DOT definition.  Again, the ALJ did not question the VE as to whether there was a conflict between the DOT and the RFC, or seek an explanation as to the apparent inconsistency.

8

1    The Commissioner concedes that the laundry worker position, requiring

2    work around a conveyor belt, would be a position precluded by Plaintiff's RFC.

3    (JS at 15 n.6.)

4    **C.    This Case Should Be Remanded for Further Proceedings.**

5    The law is well established that the decision whether to remand for

6    further proceedings or simply to award benefits is within the discretion of the

7    Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990);

8    McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th. Cir.

9    1981).  Remand is warranted where additional administrative proceedings

10   could remedy defects in the decision.  Lewin, 654 F.2d at 635.

11   The Court finds that the ALJ committed legal error by not properly

12   resolving the apparent conflict between the RFC limiting Plaintiff to simple,

13   routine, repetitive work and the DOT Level 3 reasoning requirement for the

14   positions of linen room attendant and food service worker suggested by the VE.

15   Specifically, the ALJ did not elicit further VE testimony explaining how

16   Plaintiff could be limited to simple, routine, repetitive work and still perform

17   work at a reasoning level of 3.  Moreover, as described by the DOT, the

18   position of laundry worker is also precluded by Plaintiff's RFC limitation from

19   work with fast-paced production requirements and assembly lines.  Thus, any

20   error was not harmless.  Accordingly, it appears to the Court that this is an

21   instance where further administrative proceedings would serve a useful purpose

22   and remedy defects.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

9

**IV.**

**ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS
ORDERED that Judgment be entered reversing the decision of the
Commissioner of Social Security, and remanding this matter for further
administrative proceedings consistent with this Memorandum Opinion.

DATED: January 29, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge

10